APPELLANT PRO SE
Charles Young
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court



FILED
Jun 26 2008, 3:01 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 27S02-0806-PC-364

CHARLES YOUNG,

*Appellant (Petitioner below)*,

v.

STATE OF INDIANA,

*Appellee (Respondent below)*.

Appeal from the Grant Circuit Court, No. 27C01-9205-CF-35
The Honorable Robert L. Barnet, Jr., Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 27A02-0712-PC-1137

**June 26, 2008**

**Sullivan, Justice.**

Charles Young is currently serving a 40-year sentence at the Miami Correctional Facility in Bunker Hill, Indiana. His conviction and sentence were affirmed, Young v. State, No. 27A04-9304-CR-155, slip op. (Ind. Ct. App. Dec. 13, 1993), trans. denied, and denial of post-conviction relief was also affirmed, Young v. State, No. 27A05-9611-PC-450, slip op. (Ind. Ct. App. June 13, 1997), trans. denied.

On July 24, 2007, Young filed a pro se Verified Petition for Educational Credit Time. Though a copy of the petition is not in the record, its contents are not in dispute. Young received a high school diploma by correspondence, with respect to which the Indiana Department of Correction (DOC) has denied him educational credit. The trial court denied Young's petition on September 13, 2007.

In its response to Young's appeal of the denial, the Court of Appeals ordered Young to show cause why his appeal should not be dismissed (1) for being an unapproved successive petition for post-conviction relief, and (2) because Young might not have exhausted his administrative remedies. Young v. State, No. 27A02-0712-PC-1137 (Ind. Ct. App. Feb. 28, 2008) (order).

Young filed a response with attached correspondence between him and the DOC. The attached documents showed that Young had received a high school diploma from a correspondence school, and that the DOC denied education credit for the diploma because only programs approved by the DOC are eligible for education credit and the DOC has approved no correspondence courses. The Court of Appeals dismissed the appeal. Id. (Apr. 14, 2008) (order).

Young petitioned for transfer, which we now grant.

**Discussion**

Indiana Code § 35-50-6-3.3 (Supp. 2007) governs "Credit time for successful completion of educational degree or certificate:"

> (a) In addition to any credit time a person earns under subsection (b) or section 3 of this chapter, a person earns credit time if the person:
>     (1) is in credit Class I;
>     (2) has demonstrated a pattern consistent with rehabilitation; and
>     (3) successfully completes requirements to obtain one (1) of the following:
>         (A) A general educational development (GED) diploma under IC 20-20-6, if the person has not previously obtained a high school diploma.
>         (B) A high school diploma.
>         (C) An associate's degree from an approved postsecondary educational institution (as defined under IC 21-7-13-6(a)).

2

(D) A bachelor's degree from an approved postsecondary educational institution (as defined under IC 21-7-13-6(a)).

Young argues that he is entitled to educational credit time for his diploma pursuant to § 3.3(a)(3)(B) and disputes the two bases on which the Court of Appeals dismissed his case.

First, Young argues that he is not seeking post-conviction relief because he is not challenging his conviction or sentence. This is not a typical claim for post-conviction relief. However, all manner of claims of sentencing errors (other than those that do not require consideration of matters outside the face of the sentencing judgment), are addressed via post-conviction relief proceedings. Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004). Furthermore, the Court of Appeals has held, and we agree, that post-conviction procedures are appropriate for this type of claim. In McGee v. State, Randy McGee sought relief after a trial court denied his petition for educational credit time, which the DOC had also denied after citing a policy against crediting out-of-state diplomas. 790 N.E.2d 1067, 1069-70 (Ind. Ct. App.), trans. denied, 804 N.E.2d 755 (Ind. 2003) (table). The Court of Appeals accurately observed that "[o]ur courts have long allowed defendants to bring an action regarding credit time via a post-conviction relief petition." Id. at 1068 (citations omitted). And even though McGee had not specifically designated his claim as a petition for post-conviction relief, the Court of Appeals found that he had properly filed it in the court of his conviction and held that the trial court had had jurisdiction to entertain his motion and review the DOC determination. Id. at 1069. We hold that post-conviction proceedings are the appropriate procedure for considering properly presented claims for educational credit time.

In order to present a claim properly, however, a petitioner must follow the Indiana Rules of Procedure for Post-Conviction Remedies. If a petitioner has never sought post-conviction relief in the past, that petitioner must follow the procedures outlined in P-C.R. 1. If the petition is not the first for post-conviction relief a petitioner has filed, that petitioner must follow the procedure outlined in P-C.R. 1(12) for filing successive petitions. Thus, when McGee is read in concert with Indiana's post-conviction rules, we arrive at the same place as the Court of Appeals in this case: Young, who has already filed at least one petition for post-conviction relief, has not demonstrated that his case is not an unapproved successive petition for post-conviction relief.

We find authority for the second ground on which the Court of Appeals dismissed in Members v. State, where Hollis Members filed a petition for the award of educational credit time for a high school diploma he had received.  851 N.E.2d 979 (Ind. Ct. App. 2006).  Members's appeal was dismissed because he had not exhausted his administrative remedies with the DOC.  Id. at 983.  Here the correspondence presented to us by Young establishes only an initial determination by the DOC.  It gives no information as to what DOC's administrative grievance procedures are or whether they have been exhausted at all levels.

We offer Young the same admonishment in this case that he receives today with regard to another appeal.  See Young v. State, No. 27S02-0608-PC-363, slip op. (Ind. June 26, 2008).  If Young hopes to prevail on his claim after he has properly presented it to the Court via post-conviction procedures, he must present evidence supporting each portion of it with his proposed successive petition for post-conviction relief filed along with his Successive Post-Conviction Relief Rule 1 Petition Form pursuant to P-C.R. 1(12) (if this were Young's first post-conviction petition, he would present it directly to the post-conviction court).  Here, for example, Young must show in the first place what the relevant DOC administrative grievance procedures are, and then that he has exhausted them at all levels.  Young must also present evidence of his diploma and the credentials of the school that awarded it.  He must show that he meets each requirement of any necessary statute (for example, I.C. § 35-50-6-3.3).  Just as in his other appeal decided today, even if Young's claim were properly before a court, the court would not be able to decide it without more information.

## Conclusion

We grant transfer, and affirm the dismissal of Young's petition by the trial court and the Court of Appeals.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

4