**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**RONALD ANDREW MANLEY**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD A. MANLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A05-1306-CR-306 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-9506-CF-106

**April 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Ronald Manley appeals the denial of his *pro se* Motion for Modification of Sentence. Manley asserts that the trial court failed to consider his argument under Ind. Code § 35-38-1-23.[1] We dismiss.

## FACTS AND PROCEDURAL HISTORY

In 1997, Manley was convicted of three counts of Class B felony child molestation,[2] one count of Class B felony attempted child molestation,[3] one count of Class C felony child molestation,[4] and one count of Class A misdemeanor impersonation of a public servant.[5] Manley pursued a direct appeal, and we affirmed his conviction and sentence. *Manley v. State*, No. 29A05-9807-CR-343 (Ind. Ct. App. 1999). Manley filed a petition for post-conviction review, and a post-conviction court denied his petition in December of 2009. We affirmed the denial of post-conviction relief. *Manley v. State*, No. 29A04-1002-PC-60 (Ind. Ct. App. 2010). On May 15, 2013, Manley asked the court to award him credit time for various programs that he claimed he completed, but for which he alleged the Department of Correction gave him no credit. The trial court denied the motion.

## DISCUSSION AND DECISION

We note Manley proceeds *pro se*, but even *pro se* litigants without legal training are required to follow procedural rules. *Wright v. State*, 772 N.E.2d 449, 462 (Ind. Ct. App. 2002). Post-conviction proceedings are the appropriate procedure for presenting claims for

---

[1] This statute is the version of 35-50-6-3.3, dealing with credit time for completion of educational degrees, in effect when Manley committed his offenses.
[2] Ind. Code § 35-42-4-3(a).
[3] Ind. Code § 35-42-4-3(c).
[4] Ind. Code § 35-42-4-3(b).
[5] Ind. Code § 35-44.1-2-6.

educational credit time. *Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008). If the petition is not the first the petitioner has filed for post-conviction relief, the petitioner must follow the procedure outlined in Post-Conviction Rule 1(12) for successive petitions in order to have the filing authorized. *Id.* at 1257.

Manley has already litigated one post-conviction petition in this case, and he did not receive, or even request, authorization to file a successive petition. Manley argues his motion was for modification of sentence pursuant to Ind. Code § 35-38-1-17 and it is therefore not a successive post-conviction petition. We disagree. Manley asked for educational credit time for programs he claimed he completed but for which the Department of Correction allegedly has never given him credit. Post-conviction proceedings are the appropriate vehicle for requesting such relief. See *Young*, 888 N.E.2d at 1256. Because Manley has already litigated one post-conviction petition in relation to this case, he must follow the procedure outlined in Post-Conviction Rule 1(12) for successive post-conviction petitions. See *id*. at 1257.

## CONCLUSION

Manley's motion was an unauthorized successive petition for post-conviction relief. Accordingly, we dismiss his appeal.

Dismissed.

KIRSCH. J., and BAILEY, J, concur.