**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



<u>ATTORNEY FOR APPELLANT</u>:

**SAMMIE L. BOOKER-EL**
Michigan City, Indiana

FILED
Aug 22 2014, 6:56 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

SAMMIE L. BOOKER-EL,                          )
                                              )
  Appellant-Defendant,              )
                                              )
    vs.                    )  No. 48A02-1312-CR-1012
                                              )
STATE OF INDIANA,                             )
                                              )
  Appellee-Plaintiff.                )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-0112-CF-398

**August 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

In his most recent appeal, Sammie L. Booker-El contends that the trial court did not have jurisdiction to hear the child-molesting charges against him in 2001. But because Booker-El's motion is an unauthorized successive petition for post-conviction relief, we dismiss his appeal.

**Facts and Procedural History**

In December 2001 the State charged Booker-El with three counts of child molesting for molesting two girls—ages six and seven—he was babysitting and infecting them with gonorrhea. In 2002 a jury convicted him of all three counts, and the trial court sentenced him to forty years. We affirmed his convictions and sentence on direct appeal. *Booker v. State*, 790 N.E.2d 491 (Ind. Ct. App. 2003), *trans. denied*.

In 2003 Booker-El filed a pro se petition for post-conviction relief, which he later amended, raising numerous issues, including ineffective assistance of both trial and appellate counsel. The post-conviction court entered findings of fact, conclusions of law, and an order denying Booker-El's petition. We affirmed on appeal. *Booker v. State*, No. 48A05-0609-PC-534 (Ind. Ct. App. Apr. 16, 2008).

Booker-El later filed a Trial Rule 60(B) motion for relief from judgment, which the trial court denied in 2013. Booker-El followed up with a motion to correct error, which the trial court also denied. Booker-El appealed. On appeal, we reiterated the principle that issues available but not raised on direct appeal are waived, while issues litigated adversely to the defendant are res judicata. *Booker-El v. State*, 48A02-1304-CR-366 (Ind. Ct. App. Apr. 28, 2014), *trans. denied*. We explained that from what we could discern, many of

Booker-El's claims were raised in his petition for post-conviction relief and his appeal from the denial of that petition. *Id.* In addition, we noted that his remaining claims were available to him on direct appeal or post-conviction. *Id.* We therefore affirmed the trial court. *Id.*

In November 2013 Booker-El, pro se, filed a Motion to Dismiss or Nullification of Abstract of Judgment Due to Lack of Jurisdiction. Appellant's App. p. 1. From what we can discern, Booker-El alleges in this motion that when the State first filed the child-molesting charges against him in December 2001, the State filed the charges in Madison Superior Court, but he was tried in Madison Circuit Court; therefore, Madison Circuit Court lacked jurisdiction over him. *Id.* The trial court promptly denied his motion.

Booker-El now appeals.

**Discussion and Decision**

Booker-El contends that Madison Circuit Court did not have jurisdiction to hear the child-molesting charges against him in 2001 because the charging information was originally filed in Madison Superior Court.[1] However, Booker-El has already litigated one petition for post-conviction relief, and he did not receive, or even request, authorization to file a successive petition. Because Booker-El has already litigated one petition for post-conviction relief in relation to this case, he must follow the procedure outlined in Post-Conviction Rule 1(12) for filing successive petitions. *See Young v. State*, 888 N.E.2d 1255,

---

[1] As support for his claim that this case was originally assigned to Madison Superior Court, Booker-El cites the charging information. *See* Appellant's App. p. 21. The State filed the child-molesting charges against Booker-El on December 27, 2001. *Id.* The cause number assigned to Booker-El's case was 48**C01**-0112-CF-398. This shows that this case was assigned to Madison Circuit Court 1, not to a superior court.

1257 (Ind. 2008).  Because Booker-El's motion is an unauthorized successive petition for post-conviction relief, we dismiss this appeal.

Dismissed.

FRIEDLANDER, J., and MAY, J., concur.