**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 30 2014, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CHARLES C. WOOD**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES C. WOOD, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  49A05-1310-CR-514 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-0303-FB-46495

**September 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Charles Wood appeals the denial of his motion for earned reformative educational credit time. Finding that this appeal is an unauthorized successive petition for post-conviction relief, we dismiss.

On January 21, 2004, Wood pleaded guilty to arson and admitted to being an habitual offender. On February 11, 2004, the trial court imposed a thirty-year sentence for arson, which it enhanced by ten years for the habitual offender finding, resulting in an aggregate executed sentence of forty years. Wood appealed, and this Court denied. Wood v. State, 49A02-0403-CR-248 (Ind. Ct. App. Dec. 17, 2004). On October 4, 2005, Wood filed a petition for post-conviction relief. The post-conviction court denied his petition, and it appears that Wood did not appeal that denial. On September 13, 2013, Wood filed a motion for earned reformative credit time, which the trial court denied on September 16, 2013. Wood now appeals in the guise of a direct criminal appeal.

It is well established that "post-conviction proceedings are the appropriate procedure for considering properly presented claims for educational credit time." Young v. State, 888 N.E.2d 1255, 1256 (Ind. 2008). To present a claim properly, a petitioner must follow the Indiana Rules of Post-Conviction Remedies. Where, as here, the petition is not the first that the petitioner has filed seeking post-conviction relief, that petitioner must comply with Post-Conviction Rule 1(12). Among other things, the petitioner must request authorization from an appellate court to file the successive petition. Ind. Post-Conviction Rule 1(12)(a). Wood has not done so, nor has he complied with the other requirements found in this Rule. P-C.R. 1(12)(a)-(c).

2

We echo our Supreme Court's caution that if Wood hopes to prevail on his claim after he has properly presented it via post-conviction procedures, "he must present evidence supporting each portion of it with his proposed successive petition for post-conviction relief filed along with his Successive Post-Conviction Relief Rule 1 Petition Form pursuant to P-C.R. 1(12)[].  Here, for example, [Wood] must show in the first place what the relevant DOC administrative grievance procedures are, and then that he has exhausted them at all levels."  Young, 888 N.E.2d at 1257.

The appeal is dismissed.

BARNES, J., and PYLE, J., concur.