Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 24 2014, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**HAROLD R. FERRIN**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HAROLD R. FERRIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1405-CR-331 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-0807-FA-174418

**December 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Harold Ferrin appeals the trial court's order granting the State's Motion for Summary Disposition.

We dismiss the appeal.

The sole issue for our review is whether this appeal should be dismissed.

In May 2009, a jury convicted fifty-four-year-old Ferrin of two counts of child molesting, one as a Class A felony and one as a Class C felony, for engaging in sexual acts with a five-year-old girl. In June 2009, the trial court sentenced him to a total executed sentence of thirty-four years. This Court affirmed his convictions on direct appeal in 2010, *Ferrin v. State*, No. 49A05-0907-CR-429 (Jan. 12, 2010), and the denial of his petition for post-conviction relief in 2013, *Ferrin v. State*, No. 49A02-1210-PC-839 (Oct. 17, 2013).

In February 2014, Ferrin filed a Verified Petition for Credit Time Not Previously Awarded by the Department of Corrections wherein he stated that he was entitled to credit time for completing the Purposeful Living Units Serve Program (PLUS Program). In support of his petition and argument that he had exhausted his administrative remedies, Ferrin submitted a copy of a November 2013 Classification Appeal with the Department of Correction. According to that document, Ferrin's request for credit time was denied because "it is up to central office to decide when documentation is submitted. Please see attachment." Appellant's Amended App. p. 20. Ferrin failed to include the attachment in his appendix. Ferrin also submitted a copy of a December 2013 Classification Appeal. According to that document, Ferrin's request for credit time was denied because "credit time is not subject to intra-Facility Classification Appeal Process." Appellant's App. p. 37.

The State responded to Ferrin's petition with a Motion for Summary Disposition. According to the State, Ferrin had not demonstrated that he had exhausted his administrative remedies and was not entitled to credit time for the PLUS Program. The trial court granted the State's motion without a hearing, and Ferrin appeals.

At the outset, we note that Ferrin is proceeding *pro se* in this appeal. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied, cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* "[W]hen a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf, or waive any rule for the orderly and proper conduct of his appeal. *Owen v. State*, 269 Ind. 513, 518, 381 N.E.2d 1235, 1239 (1978).

We further note that all manner of claims of sentencing errors – other than those that do not require consideration of matters outside the face of the sentencing judgment – are addressed via post-conviction relief proceedings, and the Indiana Supreme Court has held that post-conviction proceedings are the appropriate procedure for considering properly presented claims for credit time. *Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008). In order to present such a claim properly, a petitioner must follow the Indiana Rules of Procedure for Post-Conviction Remedies. *Id.* If this is not the first petition for post-conviction relief a petitioner has filed, the petitioner must follow the procedure for filing successive petitions outlined in P.-C.R. 1(12). *Id.* Here, Ferrin, who has already filed one petition for post-conviction relief, has failed to follow the proper procedure and obtain

3

permission from this Court to file a successive petition for post-conviction. *See id.* Ferrin has also failed to show that he has exhausted his administrative remedies. A petitioner seeking credit time "must show in the first place what the relevant DOC administrative grievances procedures are, and then that he has exhausted them at all levels." *Id.* at 1257. Exhaustion is required because the DOC should make the initial determination regarding whether credit time should be awarded to an offender. *Sander v. State*, 816 N.E.2d 75 (Ind. Ct. App. 2004). A petitioner's failure to exhaust his administrative remedies subjects his claim to dismissal. *See Young*, 888 N.E.2d at 1257.

Here, we agree with the State that Ferrin's documents do not support his argument that he has exhausted his administrative remedies. Specifically, Ferrin has tendered Classification Appeals, one of which clearly states that credit time issues are not classification matters. These documents give no information as to what DOC's administrative grievance procedures are or whether they have been exhausted at all levels. Because Ferrin has failed to show that he has exhausted his administrative remedies, we dismiss this appeal. *See id.*

Appeal dismissed.

FRIEDLANDER, J., and MAY, J., concur.