## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 20 2015, 10:03 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Keytron W. Johnson
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keytron W. Johnson, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | February 20, 2015 <br><br> Court of Appeals Cause No. 02A05-1408-CR-370 <br><br> Appeal from the Allen Superior Court <br> Cause No. 02D04-0004-CF-232 <br><br> The Honorable Frances C. Gull Judge |

**Barnes, Judge.**

# Case Summary

Keytron Johnson appeals the denial of his request for educational credit time. We reverse and remand.

# Issue

Johnson raises one issue, which we restate as whether the trial court properly denied his motion without a hearing.

# Facts

In 2001, Johnson pled guilty to Class A felony burglary and was sentenced to thirty-five years. On July 11, 2014, Johnson filed a pro se petition seeking credit time for his completion of various education programs. The petition alleged that he had completed the programs and that the Department of Correction ("DOC") failed to award him credit time for such. In his memorandum of law in support of his petition, Johnson claimed the DOC did not respond to his written requests for credit time or his appeals. On July 29, 2014, before the State responded, the trial court denied the motion without a hearing. Johnson now appeals.

# Analysis

Johnson argues that the trial court improperly denied his petition for educational credit time. In response, the State contends that, because Johnson failed to show what administrative remedies were available, "it is impossible for [Johnson] to prove that he exhausted his available remedies." Appellee's Br. p.

6. The State goes on to argue, "since the DOC did not respond to [Johnson's] applications or appeals, it is unlikely that he actually exhausted his available remedies. Accordingly, the [trial court] court did not have jurisdiction, and this appeal should be dismissed." *Id.*

[5] The State relies on *Members v. State*, 851 N.E.2d 979, 983 (Ind. Ct. App. 2006), *trans. denied*, in which a panel of this court dismissed an appeal challenging the failure to award educational credit time reasoning that the petitioner's failure to exhaust administrative remedies deprived the post-conviction court of subject matter jurisdiction. In *Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008), our supreme court clarified "that post-conviction proceedings are the appropriate procedure for considering properly presented claims for educational credit time." Further, to properly present a claim, the petitioner must follow the Indiana Post-Conviction Relief Rules and, if the petition is not the first petition for post-conviction relief, the rules for filing successive petitions must be followed. *Young*, 888 N.E.2d at 1256-57. Without clearly addressing the issue of subject matter jurisdiction, the *Young* court cited *Members* for the proposition that, to prevail on a claim presented via post-conviction procedures, a petitioner must establish to the post-conviction court that he or she exhausted his administrative remedies. *Id*. 1257.

[6] Thus, based on *Young*, Johnson's petition for educational credit time should be treated as a post-conviction relief petition, not as a free-standing challenge to his sentence. Nevertheless, dismissal is not appropriate because we do not believe that the failure to exhaust administrative remedies implicates the subject matter

jurisdiction of post-conviction courts. *See First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757, 760 (Ind. 2014) (explaining "that the exhaustion of administrative remedies under AOPA is a procedural error and does not implicate the trial court's subject matter jurisdiction."); *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006) (observing that the question of subject matter jurisdiction involves a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs and that "characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts."). The State makes no claim that post-conviction courts generally lack the authority to determine educational credit time claims, and we decline to dismiss the appeal on that basis.

[7] As for the State's claim that Johnson did not establish he exhausted his administrative remedies, the State offers no authority for the proposition that exhaustion of administrative remedies must be proven in a petition. It may very well be that Johnson has not exhausted his administrative remedies. However, Johnson should be afforded the opportunity to establish such, and the State should have the opportunity to respond before the post-conviction court rules on the petition. *See Wilson v. State*, 785 N.E.2d 1152, 1155 (Ind. Ct. App. 2003) (remanding with instructions to allow the State the opportunity to respond to a request for educational credit pursuant to Indiana Post-Conviction Relief Rule 1(4)(a)). Thus, the trial court's denial of Johnson's petition was premature and contrary to the procedure set forth in the post-conviction rules.

# Conclusion

[8] Johnson's petition for educational credit time should be treated as a post-conviction relief petition. As such, the trial court's denial of his claim was premature, and it should be addressed in accordance with the post-conviction rules. We reverse and remand.

[9] Reversed and remanded.

May, J., and Pyle, J., concur.