## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 20 2016, 7:32 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Zolo Agona Azania
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zolo Agona Azania,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 20, 2016

Court of Appeals Case No.
02A03-1509-CR-1408

Appeal from the Allen County
Superior Court

The Honorable Thomas J. Felts,
Judge

Trial Court Cause No.
02D04-8109-CF-401

**Bailey, Judge.**

# Case Summary

Having previously filed petitions for post-conviction relief, Zolo Agona Azania ("Azania") sought educational credit time from the Department of Correction ("the DOC"). The DOC denied his requests. Azania filed a petition with the trial court, seeking judicial review of the DOC's denial. The trial court dismissed the petition, and Azania now appeals.

We affirm.

# Issue

Azania raises two issues for our review, but we find one dispositive: whether the trial court properly dismissed Azania's petition because it lacked subject matter jurisdiction to review his petition for judicial review.

# Facts and Procedural History

Azania was convicted of the murder of Gary Police Lieutenant George Yaros in the course of a robbery, and was sentenced to death. *Azania v. State*, 778 N.E.2d 1253, 1256 (Ind. 2002) (citing *Averhart v. State*, 470 N.E.2d 666 (Ind. 1984)). His conviction and sentence were affirmed on direct appeal, but in 1993 he successfully obtained post-conviction relief as to his sentence. *Id.* (citing (*Averhart v. State*, 614 N.E.2d 924, 930 (Ind. 1993)). The Indiana Supreme Court remanded his case for a new penalty phase, during which Azania was again sentenced to death. *Id.* Azania appealed his sentence, and the Indiana

Supreme Court again affirmed the sentence. *Id.* (citing *Azania v. State*, 730 N.E.2d 646 (Ind. 2000)).

[5] Azania sought and was granted leave to pursue a successive petition for post-conviction relief. *Id.* Azania's successive petition for post-conviction relief was denied at the trial court level, but the Indiana Supreme Court reversed Azania's death sentence and remanded for resentencing. *Id.* Upon remand, Azania and the State filed a stipulated sentencing agreement, and Azania was sentenced to sixty years for Murder and fourteen years for Robbery, as a Class B felony, yielding an aggregate sentence of seventy-four years. **App'x at 4-5.**

[6] While incarcerated in the DOC, Azania completed a legal assistant/paralegal course of study through an organization called the Blackstone Legal Institute ("Blackstone"). On July 5, 2015, and again on July 13, 2015, Azania sought educational credit time against his sentence, based upon his completion of the course through Blackstone. Both requests were denied on the basis that the DOC had not approved Blackstone's program.

[7] On August 10, 2015, Azania filed a petition captioned, "Petition for Credit Time Not Previously Awarded by Department of Correction." App'x at 7.[1] The trial court requested that the State, through the prosecutor's office, make a recommendation on how to proceed with Azania's petition. The State moved to dismiss the petition as a successive petition for post-conviction relief over

---

[1] Azania's Appendix does not include a copy of the petition.

which the trial court lacked subject matter jurisdiction without Azania first having obtained leave from an Indiana appellate court to pursue relief. The trial court agreed with the State, concluded that it lacked jurisdiction over Azania's petition, and dismissed the petition.

[8] This appeal ensued.

# Discussion and Decision

[9] Indiana Code section 35-50-6-3.3 governs how individuals serving criminal sentences may earn credit time for obtaining certain educational credentials. For an inmate to receive credit for career and technical or vocational credentials, the program of study must have been approved by the DOC. Ind. Code § 35-50-6-3.3(b). The reason given in both denials of Azania's requests was that the Blackstone program had not been approved by the DOC.

[10] After these denials, Azania filed a petition seeking an order for credit time from the trial court. The Indiana Supreme Court has stated, "all manner of claims of sentencing errors (other than those that do not require consideration of matters outside the face of the sentencing judgment), are addressed via post-conviction relief." *Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008). The *Young* Court held that post-conviction procedures are the correct mechanism for pursuing a claim for educational credit time. *Id.* This is so even if a petitioner does not characterize his claim as one for post-conviction relief. *Id.*

Under the post-conviction rules, if a petitioner has never sought post-conviction relief in the past, that petition must follow the procedures outlined in Post-Conviction Rule 1. *Id.* However, if the petitioner has previously sought post-conviction relief, the petitioner must comply with Post-Conviction Rule 1(12)'s procedural requirements for filing a successive petition. *Id.* Prior to filing a petition in a trial-level court, a Successive Post-Conviction Relief Rule 1 Petition Form and a proposed successive petition for relief must be sent to the Clerk of Indiana's appellate courts. Ind. Post-Conviction Rule 1(12)(a). The application for leave to pursue a successive petition for relief must be authorized by this Court or the Indiana Supreme Court. P-C. R. 1(12)(b). Absent such authorization, a trial-level court lacks jurisdiction and must dismiss the petition. *Beech v. State*, 702 N.E.2d 1132, 1137 (Ind. Ct. App. 1998).

Here, Azania has pursued both a petition for post-conviction relief and a successive petition, and now seeks educational credit time that our supreme court has held is a matter for post-conviction review. But Azania has not sought, let alone obtained, authorization under Post-Conviction Rule 1(12) to seek post-conviction review of his educational credit time claim. The trial court properly dismissed his petition, and, despite his insistence to the contrary, the civil nature of his claim has no bearing on that outcome.

Affirmed.

Vaidik, C.J., and Crone, J., concur.