## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 29 2016, 9:55 am

Kevin S. Smith

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Robert J. Hicks
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert J. Hicks,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | February 29, 2016<br><br>Court of Appeals Case No.<br>49A02-1507-CR-995<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Sheila A. Carlisle, Judge<br><br>The Honorable Stanley E. Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-0611-FC-212 |

**Najam, Judge.**

## Statement of the Case

Robert J. Hicks appeals the post-conviction court's summary dismissal of his petition for educational credit.[1]  Hicks raises a single issue for our review, namely, whether the post-conviction court erred when it summarily dismissed his petition.  We affirm.

## Facts and Procedural History

Following Hicks' guilty plea to robbery, as a Class C felony, and to being a habitual offender, the trial court sentenced Hicks to twenty years in the Department of Correction ("DOC").  In September of 2011, Hicks filed a petition for earned credit time in the post-conviction court.  Pursuant to a motion by the State, the post-conviction court summarily denied Hicks' petition.

In February of 2015, Hicks completed an apprenticeship to be an animal trainer.  The DOC awarded Hicks six months of educational credit for the completion of his apprenticeship.  Hicks filed an internal grievance with the DOC on the grounds that he was entitled to one year of educational credit.  The DOC rejected Hicks' argument and his ensuing internal appeal.

---

[1] "'Educational credit' means a reduction in a person's term of imprisonment or confinement awarded for participation in an educational, vocational, rehabilitative, or other program."  Ind. Code § 35-50-6-0.5(3) (2015).

[4]     Thereafter, Hicks filed a new petition for educational credit in the post-conviction court. The State moved for summary dismissal of Hicks' petition on the grounds that the DOC's internal policies are left to the DOC's discretion as a matter of law, and the DOC's policies stipulate an award of six months for Hicks' apprenticeship. The post-conviction court granted the State's motion and dismissed Hicks' petition. This appeal ensued.

## Discussion and Decision

[5]     Hicks appeals the post-conviction court's dismissal of his petition for educational credit. "[A]ll manner of claims of sentencing errors (other than those that do not require consideration of matters outside the face of the sentencing judgment), are addressed via post-conviction relief proceedings." *Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008). This includes claims for an award of educational credit, even if the petitioner has not "specifically designated his claim as a petition for post-conviction relief." *Id.* The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004) (citations omitted). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993).

[6] "In order to present a claim properly, however, a petitioner must follow the Indiana Rules of Procedure for Post-Conviction Remedies." *Young*, 888 N.E.2d at 1256-57. "If the petition is not the first for post-conviction relief a petitioner has filed, that petitioner must follow the procedure outlined in P-C.R. 1(12) for filing successive petitions." *Id.* at 1257. Post-Conviction Rule 1(12) requires a petitioner who seeks to file a successive petition for post-conviction relief to first obtain permission from this court; the petitioner's failure to obtain this permission deprives the post-conviction court of jurisdiction over the successive petition. *Beech v. State*, 702 N.E.2d 1132, 1137 (Ind. Ct. App. 1998). The burden is on the petitioner to demonstrate that "his case is not an unapproved successive petition for post-conviction relief." *Young*, 888 N.E.2d at 1257.

[7] We must agree with the State that Hicks has not demonstrated that his petition "is not an unapproved successive petition for post-conviction relief." *Id.* Indeed, in 2011, Hicks filed a petition for post-conviction relief in which he sought an award of credit time. The post-conviction court summarily denied Hicks' petition that same year. Nonetheless, without obtaining prior approval from this court, in April of 2015 Hicks filed the instant petition for post-conviction relief in which he requested an award of educational credit.[2] As Hicks does not demonstrate that the instant petition was an "not an unapproved

---

[2] In his Reply Brief, Hicks asserts that the April 2015 petition is not a successive petition for post-conviction relief because the credit time sought was based on different behavior than in his 2011 petition. But the basis for a successive petition for post-conviction relief is not a relevant concern with respect to whether the petition is in fact a successive petition. Ind. Post-Conviction Rule 1(12).

successive petition for post-conviction relief," we must affirm the post-conviction court's summary dismissal of his petition. And, because we agree with the State that the post-conviction court lacked jurisdiction to consider Hicks' petition in the first instance, we do not consider the merits of his petition.

[8] Affirmed.

Riley, J., and May, J., concur.