# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2019, 6:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

Timothy Neal Hatton
New Castle Correctional Facility
New Castle, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General

Angela N. Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Neal Hatton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 8, 2019 <br><br> Court of Appeals Case No. 19A-CR-191 <br><br> Appeal from the Marshall Superior Court <br><br> The Honorable Robert O. Bowen, Judge <br><br> Trial Court Cause No. 50D01-1107-FA-24 |

**Crone, Judge.**

## Case Summary

Timothy Neal Hatton pled guilty by plea agreement to class B felony child molesting. He later filed a petition for post-conviction relief ("PCR"), the denial of which was affirmed by this Court. He subsequently filed a pro se motion to correct his designation as a credit restricted felon ("CRF") and now appeals, pro se, the trial court's denial of his motion. We dismiss.

## Facts and Procedural History

In July 2011, the State charged Hatton with class A felony child molesting involving intercourse or deviate sexual conduct with a child under age fourteen, class B felony criminal deviate conduct involving force or the threat of force, class C felony child molesting involving fondling of a child under age fourteen, class D felony sexual battery involving force or the threat of force, and class B misdemeanor battery. He pled guilty by plea agreement to class B felony child molesting and was sentenced to fifteen years executed plus five years suspended to probation. In 2014, he filed a PCR petition, alleging ineffective assistance of counsel and challenging the validity of his guilty plea. The denial of his petition was affirmed by this Court in an unpublished decision, and transfer was denied. *See Hatton v. State*, No. 18A-PC-749, 2019 WL 238327 (Ind. Ct. App. Jan. 17, 2019), *trans. denied*.

Meanwhile, Hatton filed a pro se motion to correct his designation as a CRF, claiming that his child molesting conviction did not involve intercourse or deviate sexual conduct, as required under Indiana Code Section 35-31.5-2-72.

The trial court denied the motion, and Hatton filed a motion to reconsider. The trial court denied Hatton's motion in an order reading, in pertinent part, "The defendant is properly classified as a 'credit restricted felon' as defined by IC 35-31.5-2-72. The defendant was convicted of child molesting under IC 35-42-4-3(a)(1) with the allegation of deviate sexual conduct." Appellant's App. Vol. 2 at 29.

[4] Hatton filed this appeal. The State filed a motion to dismiss the appeal, which the motions panel of this Court held in abeyance for determination by the writing panel.

## Discussion and Decision

[5] Hatton challenges the trial court's denial of his motion to correct his designation as a CRF. As a preliminary matter, we note that he has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016), *trans. denied* (2017). This means that they must follow our established rules of procedure and accept the consequences when they fail to do so. *Id*.

[6] Hatton litigated a PCR petition in 2014. He now seeks the removal of his designation as a CRF, and the State claims that this action amounts to an unauthorized successive PCR petition. Post-Conviction Rule 1(12) governs successive PCR petitions and outlines a specific procedure that the petitioner must follow. For example, the petitioner requesting a successive PCR petition

must file a specific form with the clerk of the Supreme Court, this Court, and the Tax Court laying out his grounds for relief, and if the appellate court finds that the petitioner has established a reasonable possibility that he is entitled to post-conviction relief, the court will authorize the filing of the successive petition below. *Id.*

[7] Hatton neither sought nor was granted permission to file a successive PCR petition. In his motion below, he asserted that his child molesting conviction does not meet the statutory criteria for a CRF designation because there was no intercourse, deviate sexual conduct, or serious bodily injury, as required by Indiana Code Section 35-31.5-2-72. Appellant's App. Vol. 2 at 36. This type of claim requires an examination of matters that go beyond the face of the judgment, e.g., the factual basis underlying his guilty plea to class B felony child molesting, his age at the time, and his victim's age at the time. "[A]ll manner of claims of sentencing errors (other than those that do not require consideration of matters outside the face of the sentencing judgment), are addressed via post-conviction relief proceedings." *Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008). This includes claims pertaining to credit time that require resort to matters outside the face of the judgment. *See id.* (holding that "post-conviction proceedings are the appropriate procedure for considering properly presented claims for educational credit time").

[8] Hatton should have sought permission to litigate his CRF claim as a successive PCR but did not do so. He now attempts to reframe his claim as a motion to correct erroneous sentence, which may be filed after PCR proceedings without

seeking the prior authorization necessary for successive PCR petitions. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). However, "use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent on the face of the sentencing judgment." *Id*. Claims such as Hatton's "that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id*.

[9] Even if we were to address the merits of Hatton's CRF claim, we could not conduct a meaningful review on the scant record before us. Hatton has failed to include a copy of the original sentencing order, the judgment of conviction, or the transcripts from the guilty plea and sentencing hearings. It is not this Court's role to become Hatton's "advocate" or conduct a search outside the record to develop and evaluate his arguments. *Lowrance*, 64 N.E.3d at 938.

[10] In sum, Hatton was limited to challenging his CRF status by filing a request for a successive PCR petition, subject to the parameters and procedures outlined in Post-Conviction Rule 1(12). He did not do so, and as such, dismissal is appropriate. *See State ex rel. Woodford v. Marion Superior Court*, 655 N.E.2d 63, 66 (Ind. 1995) (dismissal held appropriate where petitioner failed to obtain leave from appellate court before filing second PCR petition in superior court). We therefore grant the State's motion to dismiss the appeal.

[11] Dismissed.


Bradford, J., and Tavitas, J., concur.