Lamont BELLAMY, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S05–0201–PC–91.

Supreme Court of Indiana.

Jan. 30, 2002.

*ORDER GRANTING TRANSFER
AND REMANDING TO THE
COURT OF APPEALS*

*Introduction*

Appellant was convicted by a jury of attempted murder, rape, criminal deviate conduct, robbery, and criminal confinement. His convictions and sentences were affirmed in an unpublished memorandum decision. *Bellamy v. State*, 676 N.E.2d 1110 (Ind.App.1997).

Appellant then filed a *pro se* petition seeking post-conviction relief. That petition was denied and the post-conviction court entered findings of fact and conclusions of law. This appeal ensued.

A notice of completion of the clerk's record and transcript was filed. At that point, counsel appeared on behalf of appellant. But rather than file a brief, the appellant filed a "Verified Motion To Dismiss Appeal Without Prejudice And Leave To File Amended Petition For Post–Conviction Relief." The motion asserted that additional evidence in support of the post-conviction petition should have been offered. The motion asserted further that there may be new issues that appellant

might want to raise in the post-conviction court. As the title of the motion suggests, appellant asked that the appeal be dismissed and the cause remanded to the post-conviction court to pursue these avenues of relief.

The Rules of Appellate Procedure allowed the State ten days within which to file a response to the motion. *See* Ind. Appellate Rule 34(C). Before that time elapsed, however, the Court of Appeals granted the motion. Having not had an opportunity to object, the State filed a motion seeking rehearing on the order of dismissal. The motion was denied. The State then petitioned to transfer jurisdiction in accordance with Appellate Rules 56(B) and 57(B)(4).

### The remand to present additional evidence in support of the initial post-conviction petition

As noted above, one of the forms of relief requested by appellant was leave from the to submit evidence in support of his post-conviction petition that was not offered during the initial proceeding. The motion asserted an interest in offering additional testimonial evidence from appellant's direct appeal counsel and from "other necessary witnesses." Motion, ¶ 11.

■ In short, appellant asked to retry his post-conviction petition with the hope of doing a better job this time. The Court of Appeals order, in effect, authorizes a retrial of the same issues already litigated. A new trial is a form of relief available when the trial conducted contains reversible error. But in this instance, appellant has made no claim of error in the post-conviction proceeding. He simply wants, among other things, to try the same issues again with different evidence. Our rules do not permit such relief absent a showing of reversible error.

### The remand to interject new issues into the post-conviction proceeding

■ Again as previously noted, the other form of relief requested by appellant was leave to file an amended petition for post-conviction relief that would contain additional issues. Motion, ¶ 12. Those new issues or claims are nowhere identified.

■ In support of its order allowing the filing of an amended petition for post-conviction relief, the Court of Appeals cited *Davis v. State,* 267 Ind. 152, 368 N.E.2d 1149 (1977). In *Davis,* this Court approved a procedure by which an appellant may move an appellate court to terminate a direct appeal of a criminal conviction and remand a case to the trial court for the purpose of filing a petition seeking post-conviction relief. *Davis* requires the appellant to show a "substantial likelihood" of relief in order to avail himself of the remand procedure. 368 N.E.2d at 1151. In this instance, appellant does not even identify what the new issues are, much less demonstrate a substantial likelihood of relief.

But there is a more important point of concern here. This appeal differs from the appeal in *Davis* in a significant manner. *Davis* was an appeal from a direct conviction and sentence; this is an appeal from the denial of post-conviction relief.

Our rules create procedures by which persons who have been convicted of crimes in Indiana may appeal those convictions. *See* Indiana Rules of Appellate Procedure (West 2001). If unsuccessful on appeal, there are procedures in place that allow the convicted person an opportunity to file a petition seeking post-conviction relief. *See* Ind. Post–Conviction Rule 1. If still unsuccessful, one of the avenues potentially open to the convicted person is to again seek post-conviction relief in the state court through a second, or successive peti-

tion. There are rules governing this process as well. *See* P–C. R. 1 § 12.

To the extent appellant seeks to raise new issues on post-conviction that were not included in his original petition, he has not followed the proper procedure. The proper procedure is to file a request for leave to file a successive petition seeking post-conviction relief in the form required by rule. *See* P–C. R. 1 § 12.

We would not completely rule out the possibility that, for example, new exculpatory evidence could be discovered during the pendency of an appeal of the denial of post-conviction relief. In that circumstance, it might be appropriate for an appellate court to terminate the appeal of the denial of post-conviction relief and remand for the purpose of filing a successive post-conviction relief petition. Thus, while it seems unlikely that a *Davis*-like remand would ever be warranted from an appeal of the denial of post-conviction relief, it is within the realm of possibility. But even in that instance, the petitioner would not be relieved of the procedural requirements of Post–Conviction Rule 1, section 12. Among those requirements is the necessity of tendering a proposed successive petition demonstrating a reasonable possibility of entitlement to post-conviction relief. *Id.* In these regards, appellant's motion falls well short.

### Conclusion

The Court of Appeals' order constitutes a significant departure from accepted law and practice. *See* Ind. Appellate Rule 57(H)(6). For the foregoing reasons, we grant transfer and remand the appeal to the Court of Appeals with instructions to vacate its order granting the appellant's motion to dismiss, to deny the motion, and to establish a briefing schedule for review of the appeal on the merits.

All Justices concur except RUCKER, J., who votes to deny transfer, stating as follows:

I respectfully dissent. It appears to me that as a matter of judicial economy, the Court of Appeals simply treated appellant's motion as a successive petition for post-conviction relief. *See* Ind. Post–Conviction Rule 1(12). The court then exercised its discretion and granted the motion. I see no problem with the use of this expedited procedure.