## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 10 2015, 9:35 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Derek Lee Morris
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derek Lee Morris,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | July 10, 2015<br><br>Court of Appeals Case No.<br>49A02-1412-PC-892<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy J. Barbar, Magistrate<br><br>Case No. 49G02-0511-PC-193247 |

**Crone, Judge.**

## Case Summary

[1] Derek Lee Morris appeals the denial of his petition for additional credit time for completing a vocational education program. The dispositive issue is whether

Morris's petition is a successive petition for postconviction relief such that authorization from this Court was required before filing. Finding that Morris has litigated petitions for postconviction relief in the past and now files this petition without properly following the procedures for successive petitions, we dismiss.

## Facts and Procedural History

[2] In January 2007, Morris was sentenced to twenty-five years to be executed in the Indiana Department of Correction for class A felony child molesting. While incarcerated, Morris received six months of credit time toward his sentence for completing an approved vocational education apprenticeship. In June 2014, Morris completed the "Horticulture Science" program with the New Hope Academy of Adult Education. Morris argues that this program is an approved vocational education program for which he should have been awarded an additional three months of credit time.

[3] In August 2014, Morris submitted a request for interview form to the Department of Correction asking to be notified when his "Horticulture time cut will be on [his] EPRD." Appellant's App. at 30. Morris was notified that his time cut was denied because he was "maxed out on vocation time cuts." *Id*. Later that month, Morris submitted an informal offender complaint to be reviewed by a New Castle Correctional Facility staff person stating that he had not received his credit time for completing the "Horticulture Science" program. Morris received a response to the complaint that explained, "You also received

6 months for Substance Abuse. You can only get the additional six months if you finished the program after July 1, 2014." *Id*. at 27.

[4] Morris then submitted a formal grievance to the executive assistant of the New Castle Correctional Facility on the issue of his credit time. The return of grievance notified him that this type of issue must be appealed through its own appeals process and no relief can be granted through the grievance process. In November 2014, the program director of offender placement wrote a letter to Morris explaining that he was not eligible for additional credit time because he did not complete the "Horticulture Science" program after July 1, 2014.

[5] In December 2014, Morris filed a pro se verified petition for additional credit time with the trial court, which was denied. Morris now appeals.

## Discussion and Decision

[6] Morris contends that the trial court erred in denying his verified petition for additional credit time. Even if his claim had merit, the trial court did not have jurisdiction to consider Morris's petition, thus the appeal must be dismissed. The Indiana Rules of Appellate Procedure create procedures by which persons who have been convicted of crimes in Indiana may appeal those convictions. *Bellamy v. State,* 765 N.E.2d 520, 521 (Ind. 2002). If unsuccessful on appeal, there are procedures in place that allow the convicted person an opportunity to file a petition seeking postconviction relief. *Id.*; *see* Ind. Postconviction Rule 1. A petition for additional credit time is treated as a petition for postconviction relief. *Young v. State*, 888 N.E.2d 1255, 1256-57 (Ind. 2008); *Stevens v. State*, 895

N.E.2d 418, 419 (Ind. Ct. App. 2008). If still unsuccessful, one of the avenues potentially open to the convicted person is to again seek postconviction relief through a successive petition. *Bellamy,* 765 N.E.2d at 521; *see* Ind. Postconviction Rule 1(12). Pursuant to Postconviction Rule 1(12), convicted persons filing successive petitions for postconviction relief are required to obtain leave from either the Indiana Supreme Court or this Court before filing a successive petition in the postconviction court. *Young*, 888 N.E.2d at 1257. If a convicted person files a successive petition in the postconviction court without obtaining such leave, the postconviction court is required to dismiss the petition due to lack of jurisdiction. *Beech v. State*, 702 N.E.2d 1132, 1137 (Ind. Ct. App. 1998).

[7] Morris has previously sought postconviction relief. He first filed a petition for postconviction relief in 2008, which was denied in June 2011. The denial was affirmed on appeal. He subsequently filed several successive postconviction petitions for additional credit time, which were all denied. Because Morris has previously sought postconviction relief, his current petition is a successive postconviction petition. *See Young,* 888 N.E.2d at 1257. Because Morris did not obtain leave from this Court before filing the instant petition, his arguments for

why he should receive the additional credit time cannot be heard on the merits.[1] Therefore, we dismiss his appeal.

Dismissed.

Brown, J., and Pyle, J., concur.

---

[1] At the time Morris completed the "Horticulture Science" program, Indiana Code Section 35-50-6-3.3(5) provided that the amount of credit time an offender was entitled to was "[n]ot more than a total of six (6) months of credit, as determined by the department of correction, for the completion of one (1) or more career and technical education programs approved by the department of correction." Ind. P.L. 228-2011. The amended statute, which allows up to one year of credit time for completion of a vocational education program, was not effective until July 1, 2014. Morris completed the "Horticulture Science" program on June 10, 2014. The revised language in the amended statute does not apply to Morris's time credit for the "Horticulture Science" program because that would constitute retroactive application. Retroactive application of the revised statute is prohibited by the General Assembly's enactment of a savings clause which specifies that no section of the revised code affects any penalty incurred, crime committed, or proceeding begun before the effective date. *See* Ind. Code § 1-1-5.5-21. Since Morris already had the maximum six-month time credit at the time he completed the "Horticulture Science" program, the trial court would have been within its discretion in denying his petition if he had followed the proper procedures.