## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 19 2019, 7:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Christopher Rondeau
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Rondeau,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 19, 2019

Court of Appeals Case No.
19A-CR-299

Appeal from the Marion Superior Court

The Honorable Kurt Eisgruber, Judge

Trial Court Cause No.
49G01-0904-PC-38670

**Friedlander, Senior Judge.**

[1] Christopher Rondeau, pro se, appeals the denial of his motion to dismiss, which he filed after his conviction of murder, a felony, and following a direct appeal, a post-conviction proceeding, a post-conviction appeal, a petition for writ of habeas corpus, and the denial of his successive petition for post-conviction relief. The sole issue he raises on appeal, restated, is whether the trial court abused its discretion when it denied his motion to dismiss, which alleged that the trial court lacked subject matter jurisdiction over his murder trial. Because we conclude that Rondeau's motion to dismiss amounted to an improperly filed successive petition for post-conviction relief, we remand to the Marion Superior Court with instructions to dismiss Rondeau's motion.

[2] The facts and procedural history of this case—partially taken from this court's memorandum decision issued in Rondeau's appeal of the denial of his writ of habeas corpus—are as follows:

> Rondeau was convicted of murder and sentenced in June 2010 to fifty-five years in the Indiana Department of Correction. Rondeau filed a direct appeal, and this court affirmed his conviction by memorandum decision. *Rondeau v. State*, No. 49A02-1006-CR-694, 2011 WL 977075 (Ind. Ct. App. Mar. 21, 2011), *trans. denied*. The *Rondeau* decision reveals that, in April 2009, Rondeau, then thirty-nine years old, lived with his grandmother ("Grandmother"), age seventy-seven, and her brother-in-law, Adolf Stegbauer ("Adolf"), age sixty-nine. On April 9, a sword fight erupted between Rondeau and Adolf. Grandmother intervened and was stabbed, and "Adolf was stabbed at least ten times, suffering injuries to his hand, arm, abdomen, head, heel, foot, and shoulder." *Id.* at *1. Rondeau called 911, and all three were transported to the hospital. Grandmother suffered a massive hemorrhage and died shortly

after arriving at the hospital. Rondeau spoke to police at the hospital, describing the sword fight involving him, Grandmother, and Adolf. Adolf died four days later, and "The cause of death was sharp force injury to the abdomen that caused bacteria in his stomach to be released into his peritoneal and abdominal cavities and led to septic shock." *Id.* at *2. The State charged Rondeau with Adolf's murder and Class C felony reckless homicide relating to Grandmother's death. The jury found Rondeau guilty of Adolf's murder and not guilty of reckless homicide in the death of Grandmother, and the sentencing court imposed a sentence of fifty-five years. *Id.*

Rondeau's direct appeal alleged errors with regard to trial court discovery rulings, the admission of evidence at trial, and the sufficiency of evidence to support his murder conviction. In finding that the evidence was sufficient and that there was no error in the jury rejecting his self-defense claim, the *Rondeau* court referred to specific physical evidence about Adolf, including that he was sixty-nine years old, he weighed 169 pounds, comparing it to Rondeau who weighed 250, and Adolf had a BAC of .252 due to the fact that he had been drinking all day. The court also stated that the evidence showed that Adolf suffered "at least ten" stab wounds. *Id.* at *9. The *Rondeau* court affirmed his conviction. Rondeau filed a petition for post-conviction relief [on October 12, 2011], and, following a hearing, the post-conviction court denied his petition [on April 30, 2015]. Thereafter, this court affirmed the post-conviction court's denial of his petition. *Rondeau v. State*, 48 N.E.3d 907 (Ind. Ct. App. 2016), *trans. denied*.

*Rondeau v. Zatecky*, No. 48A02-1709-MI-2348, slip op. at 1 (Ind. Ct. App. June 26, 2018), *trans. denied*.

After the Indiana Supreme Court denied transfer [on March 17, 2016], Rondeau filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Indiana,

raising nine issues, including ineffective assistance of trial and appellate counsel, insufficient evidence, denial of his right to a speedy trial, jury instruction error, and violation of his rights when a computer was seized during a search. *Rondeau v. Zatecky*, No. 1:16–cv–762–WTL–DKL, 2016 WL 4088720 (S.D. Ind. Aug. 2, 2016). The District Court denied his petition for writ of habeas corpus, finding that "[e]ach of Rondeau's habeas claims . . . is barred from consideration here because of Rondeau's unexcused procedural default consisting of his failure to fully and fairly present them [to] the Indiana Supreme Court." *Id.* at *3.

*Rondeau*, No. 48A02-1709-MI-2348, slip op. at 1 n.1.

[3] On July 6, 2017, Rondeau filed in the post-conviction court a Motion to Vacate Void Judgment and to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Vacate Void Judgment"). He alleged in his motion that the trial court lacked subject matter jurisdiction over his murder trial "due to the fact that 'Adolf Stegbauer' was a German citizen that died in Germany" prior to the date upon which Rondeau allegedly killed Adolf. Appellant's App. Vol. 2, p. 94. Thus, according to Rondeau, the trial court "render[ed] a void judgment." *Id.* On July 10, 2017, the post-conviction court denied Rondeau's Motion to Vacate Void Judgment. Rondeau did not appeal the denial of his motion.

[4] On July 20, 2017, Rondeau filed a Petition for Writ of Habeas Corpus ("Writ") in the Madison Circuit Court. In his Writ, Rondeau claimed that "the pretended cause" of his restraint is murder and that the restraint "is illegal" because the Marion Superior Court did not have subject matter jurisdiction of his case

because, he claims, Adolf "died in 2008 in Germany."[2] He assert[ed]:

> Indiana courts do not have subject matter jurisdiction over German citizens that died in Germany in 2008, and therefore, there is no statutory or common law authority for the court to hear the case concerning [the murder charge]. There was no crime committed in Indiana in 2009, like the [State] alleges, as the Petitioner cannot kill someone in 2009, that was already dead, according to his own government since 2008.
>
> . . . .
>
> The [State] has not shown proof that "Adolf Stegbauer" was alive after 2008, or that he was in the United States at the time of the alleged murder in 2009, or that a person named "Adolf Stegbauer" ever even existed at the time of the alleged crime. The [State] has never met it's burden of proof giving Indiana courts subject matter jurisdiction to hear a case concerning anyone named "Adolf Stegbauer."

Rondeau contend[ed] in his Writ that the conviction was "void" from its inception, "a complete nullity and without legal effect," and that, therefore, he is entitled to immediate release.

On August 18, 2018, Zatecky[, the Superintendent of the Pendleton Correctional Facility,] filed a motion to transfer Rondeau's Writ to the Marion Superior Court, which was the court that convicted and sentenced him. Zatecky's motion maintained that the Madison Circuit Court did not have

---

[2] Rondeau d[id] not include any documentary evidence in support of his assertion that his great-uncle Adolf Stegbauer died in Germany in 2008, nor d[id] he indicate when or how he learned of the alleged death.

*Rondeau*, No. 48A02-1709-MI-2348, slip op. at 2 n.2.

jurisdiction over Rondeau's Writ because Rondeau was challenging the validity of his conviction, which pursuant to Indiana Post-Conviction Rule 1(1)(c), must be transferred to the convicting court, here, Marion County Superior Court Criminal Division 1. On September 1, 2017, the Madison Circuit Court issued its order granting Zatecky's motion to transfer, ordering that:

> this action be **TRANSFERRED** to the Marion County Superior Court Criminal Division 1, cause number 49G01-0904-MR-038670, because the petitioner is seeking to attack the validity of his conviction, which he cannot do in this court. *Miller v. Lowrance*, 629 N.E.2d 846 (Ind. 1994).

*Rondeau*, No. 48A02-1709-MI-2348, slip op. at 2 (internal citations to the appendix Rondeau filed in the case are omitted).

[5] Rondeau appealed, and on June 26, 2018, we issued our memorandum decision, concluding that Rondeau's writ "challenged the validity of his conviction and sentence," thus "the Madison Circuit Court properly transferred it to the Marion Superior Court, where Rondeau was convicted and sentenced." *Id.* at 3. In footnote 3, we noted the following regarding the premise of Rondeau's claim that the trial court did not have subject matter jurisdiction over his case:

> While we do not reach the merits of Rondeau's claim that the judgment was void—because Adolf purportedly was already deceased, and Rondeau could not have murdered him—we note that it does not appear from the record before us, nor does he allege, that he filed a motion to dismiss the murder charge on the basis that Adolf was not the person he stabbed in a sword fight on April 9, 2009. Accordingly, Rondeau may have waived any

argument that Adolf was not the person he stabbed, which is the premise of his claim that the trial court did not have subject matter jurisdiction over his case.

*Id.* n3.

[6] On March 19, 2018, Rondeau filed a petition requesting permission from this Court to seek successive post-conviction relief. He sought relief on grounds that the trial court lacked subject matter jurisdiction over his case, which "caus[ed] the [trial] court to render a void judgment" because the "German citizen [that Rondeau was accused of murdering] was declared to be officially and legally dead by his own government, the Federal Republic of Germany, in 2008." Petition for Permission to File Successive Verified Petition for Post-Conviction Relief at 2, *Rondeau v. State*, No. 18A-SP-714 (filed in Ind. Ct. App. Mar. 19, 2018). On May 29, 2018, we issued an order declining to authorize the filing of the successive petition, finding that Rondeau failed to establish a reasonable possibility that he was entitled to post-conviction relief.

[7] On November 7, 2018, Rondeau filed in the post-conviction court a motion to dismiss. In his motion, he again alleged that the trial court lacked subject matter jurisdiction over his murder trial. Rondeau argued that Adolf Stegbauer, the "State's alleged murder victim[,] was already legally dead at the time of the alleged April 2009 murder, so there is no cause to charge [Rondeau] with a crime[,]" and, "[w]ithout a crime[,] there was no jurisdiction to hear the case." Appellant's App. Vol. 2, p. 121. That same day, the post-conviction court denied Rondeau's motion. Rondeau now appeals.

[8]     Rondeau contends that the post-conviction court erred in denying his motion to dismiss. He maintains that the trial court lacked subject matter jurisdiction over his murder trial and, therefore, rendered a void judgment. Rondeau's contention, however, is of no moment because his motion to dismiss constituted an unauthorized successive petition for post-conviction relief, which the post-conviction court lacked jurisdiction to consider.

[9]     The Indiana Rules of Appellate Procedure create procedures by which persons who have been convicted of crimes in Indiana may appeal those convictions. *Bellamy v. State*, 765 N.E.2d 520 (Ind. 2002). If unsuccessful on appeal, there are procedures in place that allow the convicted person an opportunity to file a petition seeking post-conviction relief. *Id.*; *see* Ind. Post-Conviction Rule 1. If still unsuccessful, one of the avenues potentially open to the convicted person is to again seek post-conviction relief through a successive petition. *Bellamy*, 765 N.E.2d 520; *see* Ind. Post-Conviction Rule 1(12).

[10]    Pursuant to Post-Conviction Rule 1(12), convicted persons filing successive petitions for post-conviction relief are required to obtain leave from either the Indiana Supreme Court or this Court before filing a successive petition in the post-conviction court. *Young v. State*, 888 N.E.2d 1255 (Ind. 2008). If a convicted person files a successive petition in the post-conviction court without obtaining such leave, the post-conviction court is required to dismiss the petition due to lack of jurisdiction. *See Beech v. State,* 702 N.E.2d 1132, 1134 (Ind. Ct. App. 1998) ("the trial court erred when it entertained jurisdiction over [an improper successive petition]"); *see Young*, 888 N.E.2d at 1257 (affirming

the dismissal of an improper successive petition); *see also Azania v. State,* 738 N.E.2d 248, 250 (Ind. 2000) ("[I]t was procedurally improper to file the petition without authorization from this Court. . . . The [trial court] is therefore directed to dismiss the [PCR petition].").

[11] Rondeau has previously sought post-conviction relief. He first filed a petition for post-conviction relief in October 2011, which was denied in April 2015. The denial was affirmed on appeal. In July 2017, Rondeau filed in the post-conviction court a Motion to Vacate Void Judgment, raising the lack-of-subject-matter-jurisdiction argument. The post-conviction court denied the motion. He subsequently sought to file a successive post-conviction petition on grounds that the trial court lacked subject matter jurisdiction over his murder trial and, therefore, the court's judgment was void because Adolf purportedly was already deceased, and Rondeau could not have murdered him. We declined to authorize the filing of his successive post-conviction petition.

[12] Rondeau's motion to dismiss, filed on November 7, 2018, was yet another try for post-conviction relief and an attempt to circumvent the rules for seeking successive post-conviction relief. His motion to dismiss amounted to an improperly filed successive petition for post-conviction relief—without permission from this court in accordance with Indiana Post-Conviction Rule 1(12). Thus, the post-conviction court lacked jurisdiction to entertain the motion. We, therefore, remand this matter to the post-conviction court with instructions to vacate its judgment denying Rondeau's motion to dismiss and to enter an order dismissing the motion.

[13] Remanded with instructions.

Kirsch, J., and Bradford, J., concur.